

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:03CR59

HENRY HILL, SR.

**MEMORANDUM OPINION**

Henry Hill, Sr., a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 455).[1] The Government has responded, asserting, inter alia, that Hill's § 2255 Motion is barred by the statute of limitations. (ECF No. 461.) For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

On April 21, 2003, a grand jury charged Hill with conspiracy to possess with the intent to distribute and distribute fifty (50) grams or more of cocaine base (Count One), aiding and abetting the possession with intent to distribute more than fifty (50) grams of cocaine base (Count Sixteen), distribution of cocaine base (Counts Fifty-Eight through Sixty-One), and aiding and abetting the distribution of cocaine base

---

[1] The Court employs the pagination assigned to Hill's § 2255 Motion by the CM/ECF docketing system.

(Count Seventy-One). (Superseding Indictment 2-3, 5, 12-13, 16, ECF No. 50.) Prior to trial, the Court granted the Government's motion to dismiss Count Sixteen. (ECF No. 124.) During Hill's jury trial, the Court granted his motion for a judgment of acquittal as to Count Fifty-Eight. (See ECF No. 132.) A jury convicted Hill of Count One, and acquitted him of Counts Fifty-Nine, Sixty, Sixty-One, and Seventy-One. (ECF No. 133, at 1-2.) As to Count One, the jury determined that the offense involved less than five (5) grams of cocaine base. (Id. at 2.)

On August 14, 2003, the parties appeared before the Court for Hill's sentencing hearing. Hill testified during that hearing. (Aug. 14, 2003 Tr. 28-38.) The Court found by a preponderance of the evidence that Hill was responsible for 33 grams of cocaine base. (Aug. 14, 2003 Tr. 50.) The Court also announced that it intended to apply a sentencing enhancement for obstruction of justice "for lying during the course of the sentencing proceeding." (Aug. 14, 2003 Tr. 39.) The Court directed the parties to brief the issue and rescheduled Hill's sentencing hearing for October 3, 2003. (Aug. 14, 2003 Tr. 54-58.)

During the October 3, 2003, sentencing hearing, the Court determined that the obstruction of justice enhancement was appropriate. (Oct. 3, 2003 Tr. 29-30.) On October 8, 2003, the

Court entered judgment against Hill and sentenced him to 188 months of imprisonment. (J. 2, ECF No. 202.) The United States Court of Appeals for the Fourth Circuit affirmed Hill's conviction and sentence. (See ECF No. 327.) However, the Supreme Court vacated Hill's judgment and remanded to the Fourth Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Hill v. United States, 543 U.S. 1114 (2005).

On remand, the Fourth Circuit noted that if the Court had used "only the amount of drugs found by the jury (less than five grams of crack cocaine) without the enhancement for obstruction of justice," Hill's resulting Sentencing Guidelines range would have been 100 to 125 months of imprisonment. United States v. Hill, 158 F. App'x 449, 451 (4th Cir. 2005) (citation omitted). Based upon this, the Fourth Circuit found plain error that affected Hill's substantive rights, vacated his sentence, and remanded to this Court for resentencing. Id.

On April 18, 2006, the Court entered judgment against Hill and resentenced him to 188 months of imprisonment. (J. 2, ECF No. 383.) Hill again appealed; however, the Fourth Circuit affirmed Hill's sentence, finding that it was reasonable. United States v. Hill, 204 F. App'x 253, 254 (4th Cir. 2006).

The Supreme Court denied Hill's subsequent petition for a writ of certiorari. Hill v. United States, 550 U.S. 906 (2007).

On January 28, 2013, the Court filed the present § 2255 Motion. (§ 2255 Mot. 1.)[2] In his § 2255 Motion, Hill asserts that he is "actually innocent of the sentence enhancement and the base offense level the court sentenced [him] to." (§ 2255 Mot. 2.) Hill claims that because the jury found that he was responsible for less than five (5) grams of cocaine base, the Court violated due process by finding that he was responsible for thirty-three (33) grams of cocaine base and therefore increasing his base offense level. (Id. at 1-2.) Hill requests that the Court re-sentence him based upon the jury's finding that he was responsible for less than five (5) grams of cocaine base. (Id. at 3.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

---

[2] Generally, a § 2255 motion is deemed filed as of the date the inmate places it in the prison system for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988). However, Hill did not date his § 2255 Motion, and the Court cannot rely on the postmark because the Court does not have the envelope in which Hill's § 2255 Motion was mailed. Accordingly, the Court will use the date Hill's § 2255 Motion was filed with the Court.

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Hill did appeal after his resentencing, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, April 23, 2007, when the Supreme Court denied Hill's petition for a writ of certiorari. <u>Hill v. United States</u>, 127 S. Ct. 2102 (2007); <u>see</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 156-57 (2007) (a conviction on remand for resentencing is not final until resentencing and appeal therefrom are complete); <u>cf.</u> <u>United States v. Colvin</u>, 204 F.3d 1221, 1224-25 (9th Cir. 2000) (for

5

purposes of § 2255(f)(1), appellate remand delays the start of the one-year limitation period until time for appeal expires on the remand disposition). Hence, Hill had until Wednesday, April 23, 2008 to file any motion under 28 U.S.C. § 2255. Because Hill did not file his § 2255 Motion until January 2013, the statute of limitations bars the § 2255 Motion.[3]

Hill contends that he is "actually innocent of the sentence enhancement and the base offense level the court sentenced [him] to." (§ 2255 Mot. 2.) The Supreme Court has recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933-34 (2013). The Fourth Circuit, however, has concluded that "McQuiggin does not apply to habeas claims based on actual innocence of a sentence." United States v. Jones, 758 F.3d 579, 587 (4th Cir. 2014), cert. denied, 135 S. Ct. 1467 (2015). Thus, Hill has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.

---

[3] Neither Hill nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4), or for equitable tolling.

## III. CONCLUSION

For the foregoing reasons, Hill's § 2255 Motion (ECF No. 455) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Hill and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 1, 2015
Richmond, Virginia